PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 106]

Name of Offender: <u>Wayne A. Goodloe</u>    Case Number: <u>3:02-00084-02</u>

Name of Sentencing Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>October 28, 2002</u>

Original Offense: <u>21 U.S.C. § 846 Conspiracy to Distribute 50 Grams or More of Cocaine Base</u>

Original Sentence: <u>120 months' custody and five years' supervised release</u>

Type of Supervision: <u>Supervised release</u>    Date Supervision Commenced: <u>February 8, 2010</u>

Assistant U.S. Attorney: <u>Hal McDonough</u>    Defense Attorney: <u>David Baker</u>

### PETITIONING THE COURT

<u>  X  </u>  To Consider Additional Violations/Information.
_____  To issue a Summons.
_____  To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other* *Consider the additional violations/information at the hearing on 10/3/14 at 1:00 p.m.*

Considered this <u>1</u> day of <u>Oct</u>, 2014,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Amanda Michele
U.S. Probation Officer

Place    <u>Nashville, TN</u>

Date    <u>October 1, 2014</u>

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 106, has been amended as follows:

> Violation No. 1 - has been amended to update the Court as to the disposition in the underlying violation conduct.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall not commit another federal, state, or local crime.**
On April 14, 2014, Mr. Goodloe was arrested and charged with Possession with Intent - Schedule II - Cocaine 26-299 grams (a Class B felony), in Davidson County, Tennessee. Mr. Goodloe was observed by police officers, who were conducting surveillance at the TGI Fridays in Nashville, toss a bag containing a white, powdery substance into a booth close to his person. The bag was recovered and field tested positive for cocaine base and weighed approximately 2.5 ounces. The incident was captured on TGI Fridays camera system. The arrest affidavit and final judgment order are attached for Your Honor's review.

   On September 11, 2014, Mr. Goodloe pled guilty as charged and was sentenced to eight years' in the Tennessee Department of Corrections. His sentence was suspended to eight years' state probation and he was ordered to pay a total of $3,096.00 in court costs.

**Compliance with Supervision Conditions and Prior Interventions:**
Wayne E. Goodloe is employed by Champion Car Wash and lives with his mother in Madison, Tennessee. Mr. Goodloe began his term of supervised release on February 8, 2010, and his supervision was due to terminate on February 7, 2015. Due to his incarceration on the above mentioned conviction, Mr. Goodloe's supervised release will now terminate on July 6, 2015.

A report was submitted to the Court on May 13, 2013, regarding Mr. Goodloe's positive drug tests on May 2 and May 7, 2013. He was referred to Centerstone Mental Health in Madison, Tennessee, for a substance abuse assessment and his random drug testing was increased. Mr. Goodloe was given a verbal reprimand and re-instructed to not use any controlled substances or be in possession of illegal drugs. The Court ordered no action on May 20, 2013.

Following his positive drug test for cocaine and marijuana, on May 20, 2013, Mr. Goodloe was referred to Centerstone Mental Health in Madison, Tennessee, for substance abuse treatment.

A petition was submitted to the Court on July 16, 2013, regarding Mr. Goodloe's continued use of marijuana and leaving the Middle District of Tennessee without permission from the Court or probation officer. The Court ordered the issuance of summons on July 16, 2013, and Mr. Goodloe was ordered to appear at the U.S. Marshal's Office on or before July 31, 2013. Mr. Goodloe appeared on his summons on July 31, 2013, and was released to the same conditions of supervised release, pending his revocation hearing. A superseding petition was submitted to the Court on August 12, 2013, regarding Mr. Goodloe's additional positive drug tests for marijuana. Mr. Goodloe's revocation hearing was held on August 14, 2013. He pled guilty to violating the conditions of his supervised release and the Court agreed to continue the hearing for six months. Mr. Goodloe's final revocation hearing was to be held on February 14, 2014. Prior to the hearing, the Court dismissed the petition after being notified by Assistant U.S. Attorney Hal McDonough, and the probation office, that Mr. Goodloe had incurred no further violations during the six month period. He was ordered to remain on all previously imposed conditions of supervision.

A report was submitted to the Court on April 9, 2014, regarding Mr. Goodloe's citation for Possession of a Controlled Substance - Schedule I, in Davidson County, Tennessee, on February 22, 2014. The charge was dismissed on March 28, 2014, in Davidson County General Sessions Court. The Court ordered no action on April 9, 2014.

A petition was submitted to the Court on April 15, 2014, regarding Mr. Goodloe's arrest for Possession with Intent- Schedule II- Cocaine 26-299 grams on April 14, 2014. The Court ordered the issuance of warrant on April 15, 2014. Mr. Goodloe remained in the Davidson County Jail until the resolution of his case on September 11, 2014. At that time, he was released to the custody of the U.S. Marshals. Mr. Goodloe appeared before U.S. Magistrate Judge John Bryant on September 18, 2014. He was released to the same conditions of supervised release with the added condition that he remain on home confinement daily, pending his revocation hearing.

Prior to Mr. Goodloe's arrest in April 2014, he was employed, full-time, and attending group outpatient substance abuse treatment at Centerstone Mental Health. Since July 2013, Mr. Goodloe has been randomly drug tested on 23 different occasions, all of which were negative.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that these additional violations be considered at the revocation hearing to be held before Your Honor on October 3, 2014. This updated information has been discussed with Assistant U.S. Attorney Hal McDonough, who concurs with the recommendation.


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. WAYNE GOODLOE, CASE NO. 3:02-00084-02

**GRADE OF VIOLATION:**　　　A
**CRIMINAL HISTORY:**　　　　I

**ORIGINAL OFFENSE DATE:**　　POST APRIL 30, 2003　　　PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A Felony) *18 U.S.C. § 3583(e)(3)* | 24-30 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

18 U.S.C. § 3583(g)(1) If the defendant possesses a controlled substance in violation of the condition set forth in subsection (d). The Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(1), upon a finding a Grade A or B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

*[signature]*
Amanda Michele
U.S. Probation Officer

Approved:　*[signature]*
Britton Shelton
Supervisory U.S. Probation Officer

COMPLAINT NUMBER: 2014-0355851   WARRANT NUMBER: GS673712

PROSECUTOR: Adam D Read

DEFENDANT: WayneGoodloe

VICTIM:

STATE OF TENNESSEE, COUNTY OF DAVIDSON

AFFIDAVIT

**FELONY DRUG OFFENSE**

T.C.A. 39-17-417

Personally observed before me, the undersigned, [Select one] _x_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] _x_ he ___ she [Select one] _x_ personally observed ___ has probable cause to believe that the defendant named above on 04/14/2014 in Davidson County unlawfully and knowingly did [Select one] ___ sell ___ deliver ___ manufacture _x_ possess with intent to sell, deliver, or manufacture a controlled substance and that *the probable cause is as follows*:

On 04-14-2014 your affiant was conducting surveillance on your defendant when your affiant approached him to speak with him about selling Narcotics. Your affiant was dressed in clearly marked police attire when I approached your defendant inside TGI Fridays as he was walking out. When your defendant noticed me he took a bag of white powdery substance and tossed it into a booth close to his person before I could even say a word. The baggie was recovered and did field test positive for cocaine base and weighed approx. 2.5 ounces. The incident was captured on TGIF Fridays camera system.

ESignature

_____

Prosecutor: Adam D Read 00010995

A R R E S T W A R R A N T

_____

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense

of Poss.w/Int-Cont.Sub.- Cocaine 26-299 gr. B FELONY, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 04/14/2014 21:53:15 .

_____

Carolyn Piphus

Judge of the Metropolitan General Sessions Court/Commissioner

1 of 1 pages
;

IN THE CRIMINAL/CIRCUIT COURT FOR __DAVIDSON__ COUNTY, TENNESSEE

Case Number: __2014-C-1849__ Count #: __1__ Counsel for the State: __M. King__
Judicial District: __20th__ Judicial Division: __III__ Counsel for the Defendant: __P. Hake__
State of Tennessee
☐ Retained ☒ Pub Def Appt ☐ Private Atty Appt
☐ Counsel Waived ☐ Pro Se
vs.
Defendant: __Wayne Allen Goodloe__ Alias: _____ Date of Birth: __11/31/81__ Sex: __M__
Race: __B__ SSN: __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__ Driver License #: _____ Issuing State: _____
State ID #: _____ County Offender ID # (if applicable): _____ TOMIS/TDOC #: _____
Relationship to Victim: _____ Victim's Age: _____
State Control #: _____ Arrest Date: _____ Indictment Filing Date: _____

JUDGMENT ☒ Original ☐ Amended ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.
On the __11__ day of __September__, 20__14__, the defendant:

☒ Pled Guilty ☐ Dismissed/Nolle Prosequi
☐ Pled Nolo Contendere
☐ Pled Guilty – Certified Question Findings Incorporated by Reference

Is found: ☐ Guilty ☐ Not Guilty
☐ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class (circle one) 1st A (B) C D E ☒ Felony ☐ Misdemeanor
Indicted Offense Name AND TCA §: __Poss. C/S with Intent, sch. II 0/16__
Amended Offense Name AND TCA §: _____
Offense Date: __4/14/14__ County of Offense: __Davidson__
Conviction Offense Name AND TCA §: __Poss C/S with Intent, sch. II__
Conviction: Class (circle one) 1st A (B) C D E ☒ Felony ☐ Misdemeanor
Is this conviction offense methamphetamine related? ☐ Yes ☒ No
Sentence Imposed Date: __9/11/14__

After considering the evidence, the entire record, and in the case of sentencing, all factors in Tennessee Code Annotated Title 40, Chapter 35, all of which are incorporated by reference herein, it is ORDERED and ADJUDGED that the conviction described above is imposed hereby and that a sentence and costs are imposed as follows:

Offender Status (Check One):
☐ Mitigated
☒ Standard
☐ Multiple
☐ Persistent
☐ Career
☐ Repeat Violent

Release Eligibility (Check One):
☐ Mitigated 20% ☐ Agg Rob w/Prior 100% ☐ 1st Degree Murder
☐ Mitigated 30% ☐ Multiple Rapist 100% ☐ Drug Free Zone
☒ Standard 30% ☐ Child Rapist 100% ☐ Gang Related
☐ Multiple 35% ☐ Child Predator 100%
☐ Persistent 45% ☐ Agg Rapist 100%
☐ Career 60% ☐ Mult 39-17-1324 100%
☐ Agg Rob 85% ☐ Att 1st Degree Murder w/SBI 85%
☐ Violent 100% ☐ Agg Child Neglect/Endangerment 70%
☐ Repeat Viol 100% ☐ Agg Assault w/Death 75%

Concurrent with: _____
Consecutive to: _____

Pretrial Jail Credit Period(s):
From __4/14/14__ to __9/11/14__
From _____ to _____
From _____ to _____
From _____ to _____

Sentenced To: ☒ TDOC ☐ County Jail ☐ Workhouse- CCA
Sentence Length: __8__ Years ____ Months ____ Days ____ Hours ☐ Life ☐ Life w/out Parole ☐ Death
Mandatory Minimum Sentence Length: ____ 39-17-417, 39-13-513, 39-13-514, or 39-17-432 in Prohibited Zone or ____ 55-10-401 DUI 4th Offense or ____ 39-17-1324 Possession/Employment of Firearm or ____ 40-39-208, -211 Violation of Sex Offender Registry
Period of incarceration to be served prior to release on probation or Community Corrections: ____ Months ____ Days ____ Hours
Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: ____% (Misdemeanor Only)
Alternative Sentence: ☒ Sup Prob ☐ Unsup Prob ☐ Comm Corr (CHECK ONE BOX) __8__ Years ____ Months ____ Days Effective: __9/11/14__
WAS DRUG COURT ORDERED AS A CONDITION OF THE ALTERNATIVE SENTENCE? ☐ Yes ☒ No

Court Ordered Fees and Fines:
Costs to be Paid by: ☒ Defendant ☐ State
$ ____ Court Costs
$ __2,000__ Fine Assessed __waive jail fees__
$ ____ Traumatic Brain Injury Fund (68-55-301 et seq.)
$ ____ Drug Testing Fund (TN Drug Control Act)
$ ____ CICF  $ ____ Sex Offender Tax
$ ____ Other: _____

Restitution: Victim Name _____
Address _____
Total Amount $ _____ Per Month $ _____
☐ Unpaid Community Service: ____ Hours ____ Days ____ Weeks ____ Months

☒ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.
☐ Pursuant to Title 68, Chapter 11, Part 10, the clerk shall forward this judgment to the Department of Health.

Special Conditions:

Hon. __Cheryl Blackburn__
Judge's Name
Judge's Signature
Date of Entry of Judgment: __9/11/14__

Counsel for State/Signature (optional)
Defendant/Defendant's Counsel/Signature (optional)

I _____, clerk, hereby certify that, before entry by the court, a copy of this judgment was made available to the party or parties who did not provide a signature above.

CR-3419 (Rev. 7/1/13)
RDA 1167

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Wayne Allen Goodloe

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:02CR00084 - 2

3. **District/Office** Middle District of Tennessee- Nashville

4. **Original Sentence Date** 10 / 28 / 2002
   month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not commit another federal, state, or local crime. | A |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  [ A ]

9. **Criminal History Category** *(see §7B1.4(a))*  [ I ]

10. **Range of Imprisonment** *(see §7B1.4(a))*  [ 24 - 30 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Wayne Allen Goodloe

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)      _____     Home Detention         _____

    Other        _____     Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002